# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS, URBANA DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF ) <br> JAMES EDWARD SHOOK, Deceased, ) <br>   ) <br> *Plaintiff*   ) <br>   ) <br> *v.*   ) <br>   ) <br> METROPOLITAN LIFE INSURANCE, ) <br> COMPANY,   ) <br>   ) <br> *Defendant*   ) | Case No. 2:20-cv-02289 |

## NOTICE OF REMOVAL

Removing party, METROPOLITAN LIFE INSURANCE COMPANY ("MetLife"), by its attorney Jacqueline J. Herring of Smith, von Schleicher & Associates, hereby provides Notice of Removal pursuant to 28 U.S.C. §1441 *et seq.*, and respectfully presents this Court the following grounds for removal.

1.  Removing party MetLife is a defendant / "Third Party Respondent" in a "Motion for Injunctive Relief" ("Motion") filed by Sandra Kay Osborne, Independent Executor of the Estate of James Edward Shook (the "Estate") in the action captioned *In the Matter of the Estate of James Edward Shook, Deceased*, No. 2020-P-61, pending in the Fifth Judicial Circuit, Coles County – Charleston, Illinois, Probate Division.  A copy of the Motion is attached as Exhibit 1. The Motion constitutes all of the process, pleadings and orders received by MetLife.

2.  In the Motion, the Estate seeks payment of life insurance benefits from MetLife under an employee welfare benefit plan ("Plan"), sponsored by General Electric Company ("GE") and governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1001, *et seq.* ("ERISA").  Dependent Life Insurance coverage under the Plan is insured by MetLife.  Retired GE employee, Norma Shook, as a benefit of her employment, obtained

Dependent Life Insurance coverage on her spouse James Shook (the "Decedent"). (Ex. 1, Motion, at Exhibit B). A copy of the applicable Plan document is attached as Exhibit 2.

3. The Estate initiated this action against MetLife on September 18, 2020 by filing its Motion in the Fifth Judicial Circuit, Coles County – Charleston, Illinois, Probate Division. On September 29, 2020, MetLife received a copy of the Motion by regular mail. MetLife's Notice of Removal is timely pursuant to 28 U.S.C. §1441 and §1446.

4. MetLife removes this action pursuant to 28 U.S.C. §1441 *et seq.* based on federal question jurisdiction under 28 U.S.C. §1331. The United States District Court for the Central District of Illinois, Urbana Division, is the appropriate venue for removal of this action from the Fifth Judicial Circuit, Coles County – Charleston, Illinois, Probate Division.

5. The Estate's claims for payment of ERISA life insurance benefits and to declare rights to Plan benefits in the Motion, and this civil action, are removable pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1441(c) because the Estate's claim against MetLife for payment of life insurance benefits under the ERISA Plan is governed by ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). The Plan is an employee welfare benefit plan as defined by ERISA. 29 U.S.C. §1002(1).

6. Section 502(a)(1)(B) completely preempts the claim asserted against MetLife in the Motion. Section 502(a)(1)(B) of ERISA allows a beneficiary to bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." The Estate alleges entitlement to payment of life insurance benefits from MetLife under the Plan and seeks to declare rights to benefits under the Plan. The Estate demands an Order compelling MetLife "to honor the change of beneficiary dated May 21, 2020 with regard to General Electric Company

Group Policy 0092211 and to pay benefits thereon as requested in Claim No. 22007008195 to the Estate of James Shook." (Ex. 1, Motion, Wherefore clause). The Estate's claims for payment of ERISA Plan benefits and to declare rights to Plan benefits fall within ERISA §502(a)(1)(B), 29 U.S.C. §1132(a)(1)(B). *See Studer v. Katherine Shaw Bethea Hospital*, 867 F.3d 721, 725-726 (7th Cir. 2017) (enforcing rights under the terms of an ERISA plan "is exactly the type of claim that ERISA permits a plaintiff to bring").

7. Accordingly, this case is properly removable based on federal question jurisdiction pursuant to ERISA and the doctrine of complete preemption:

(i) GE established and/or maintained the Plan as an employee welfare benefit plan under ERISA pursuant to 29 U.S.C. §1002(1) and §1002(5) for the purpose of providing, *inter alia*, dependent life insurance coverage to GE's eligible employees and dependents. (Ex. 1, Motion, ¶2, Exhibit B; Ex. 2, Plan, pgs. 1, 6, 9 of 10).

(ii) GE is identified as the Administrator of the Plan. (Ex. 2, Plan, pg. 6 of 10).

(iii) The Plan establishes procedures for submitting claims and receiving benefits. (Ex. 2, Plan, pg. 4 of 10).

(iv) The Plan constitutes an employee welfare benefit plan within the meaning of 29 U.S.C. §1002(1).

(v) The Estate asserts a claim for benefits pursuant to the Plan. The Estate is a participant or beneficiary as defined by 29 U.S.C. §1002(7) and (8) in that it has asserted a colorable claim to employee welfare plan benefits provided under the ERISA-regulated Plan that was established, maintained and endorsed by GE.

(vi) Pursuant to 29 U.S.C. §1132(e), the district courts of the United States have original jurisdiction over actions brought by participants or beneficiaries to recover benefits or other relief under employee welfare benefit plans.

8. Section 502(a)(1)(B) completely preempts any state law claim asserted in the Motion. Complete preemption under ERISA §502(a) has such "extraordinary pre-emptive power" that it converts certain state law claims into ERISA claims, and confers federal

jurisdiction to adjudicate those claims under ERISA. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004) (quoting *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 65-66 (1987)). "'[C]auses of action within the scope of the civil enforcement provisions of § 502(a) [are] removable to federal court.'" *Id.* (quoting *Taylor*, 481 U.S. at 66). *See also Di Joseph v. Standard Ins. Co.*, 776 F. App'x 343, 347 (7th Cir. 2019) ("Even claims that purport to be based on state law and do not mention ERISA may be removed to federal court based on this preemption [ERISA field preemption] because ERISA 'converts an ordinary state common law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.'") (quoting *Davila*, 542 U.S. at 209); *Studer*, 867 F.3d at 723-724 ("ERISA is one of those federal statutes with expansive preemptive power" under which "a defendant can remove a plaintiff's state-law claim if the defendant can show complete preemption because the state law claim, even if pleaded in terms of state law, is in reality based on federal law.") (quotation omitted).

9. The Estate's claim for payment of ERISA plan benefits and a declaration of rights against MetLife in the Motion is removable under 28 U.S.C. §1441(c). 28 U.S.C. §1441(c) provides, "(1) If a civil action includes—(A) a claim arising under the Constitution, laws, or treaties of the United States (within the meaning of section 1331 of this title), and (B) a claim not within the original or supplemental jurisdiction of the district court or a claim that has been made nonremovable by statute, the entire action may be removed if the action would be removable without the inclusion of the claim described in subparagraph (B)." The claim is removable even though the pleading is in the form of a "motion" rather than a complaint. *See Scianna v. Furlong*, 56 F. Supp. 2d 1000, 1002 (N.D. Ill. 1999) (holding that a petition seeking an order to require payment of ERISA benefits filed in a tort action is removable under 28 U.S.C. §1441(c)

because "[t]he title of the pleading does not change the fact that [claimant] is seeking first to compel [the Plan] to pay benefits").

10. The Estate's claim for payment of ERISA Plan benefits does not come within the "probate exception" to federal jurisdiction. The claim is distinct from any existing matters pertaining to estate administration. The claim for payment of ERISA Plan benefits involves different legal rights and obligations than any unrelated matters of estate administration. In addition, the judgment sought – payment of Plan benefits – would increase the estate's assets and would not reallocate the estate's assets or otherwise interfere with the probate court's administration of the estate. *See Gustafson v. zumBrunnen*, 546 F.3d 398, 400 (7th Cir. 2008) ("The suit, though based ultimately on the will, is not within the probate exception to federal jurisdiction. The judgment sought would just add assets to the decedent's estate; it would not reallocate the estate's assets among contending claimants or otherwise interfere with the probate court's control over and administration of the estate."); *Singer v. Massachusetts Mutual Life Ins. Co.*, 335 F. Supp. 3d 1023, 1031 (N.D. Ill. 2018) (holding probate exception does not apply where judgment sought simply adds assets to the estate); *Wolfram v. Wolfram*, 78 F. Supp. 3d 758, 764 (N.D. Ill. 2015) ("Federal courts may also take jurisdiction over claims that would add assets to an estate currently undergoing probate.") (citing *Gustafson*, 546 F.3d at 400). *See also Jones v. Brennan*, 465 F.3d 304, 306 (7th Cir. 2006) (The "probate exception" to federal courts' jurisdiction "reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.") (quoting *Marshall v. Marshall*, 547 U.S. 293, 311-312 (2006)).

11. Because the Estate's claim for ERISA Plan benefits is removable within the Court's federal question jurisdiction under ERISA §502(a), any remaining unrelated probate matters, to the extent they exist, are also removable pursuant to 28 U.S.C. §1441(c). 28 U.S.C. §1441(c)(2) specifies that following removal, "the district court shall sever from the action all claims described in paragraph 1(B) [claims not within the original or supplemental jurisdiction of the district court or that have been made nonremovable by statute] and shall remand the severed claims to the State court from which the action was removed." While the federal question ERISA claim remains within the Court's federal question jurisdiction, the Court "shall" sever and remand any remaining unrelated probate matters pursuant to 28 U.S.C. §1441(c)(2).

12. Because there is federal question jurisdiction over the Estate's claim against MetLife for payment of Plan benefits pursuant to 28 U.S.C. §1331 based on ERISA §502(a) and the doctrine of complete preemption, MetLife is entitled to removal of the entire action and the Motion from state court to federal court pursuant to 28 U.S.C. §1441(c). *See also Bergquist v. Mann Bracken, LLP*, 592 F.3d 816, 819 (7th Cir. 2010) ("Federal law does not permit a district judge to remand the complete litigation just because portions belong in state court. Judges must exercise the jurisdiction they have been given and may not adopt common-law rules that prefer state over federal adjudication of claims that are within the jurisdiction defined by Congress.").

13. This Court has original jurisdiction over this matter based on federal question jurisdiction, and therefore the action is properly removed to this Court pursuant to 28 U.S.C. §1331, 28 U.S.C. §1441, and 28 U.S.C. §1446. A copy of the Notice of Filing Notice of Removal to be filed with the Fifth Judicial Circuit, Coles County – Charleston, Illinois, Probate Division is attached as Exhibit 3.

WHEREFORE, Removing Party METROPOLITAN LIFE INSURANCE COMPANY requests removal of the above titled action from the Fifth Judicial Circuit, Coles County – Charleston, Illinois, Probate Division, to the United States District Court for the Central District of Illinois, Urbana Division.

Respectfully submitted,

Jacqueline J. Herring (Ill. Bar 6282246)  By: */s/ Jacqueline J. Herring*
SMITH | VON SCHLEICHER + ASSOCIATES   Attorney for Removing Party/Defendant,
180 North LaSalle Street, Suite 3130   Metropolitan Life Insurance Company
Chicago, Illinois 60601
P  312.541.0300 | F  312.541.0933
jackie.herring@svs-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on October 14, 2020, I electronically filed the foregoing with the Clerk of the above Court using the CM/ECF system. I further certify that a paper copy of the electronically filed document was served on the individuals addressed below via U.S. Mail, postage pre-paid at 180 North LaSalle Street, Chicago, Illinois.

L. Kaye DeSelms Dent
Roy Jackson Dent, III
Dent Law Offices, Ltd.
415 W. Virginia Ave.
POB 1633
Effingham, IL 62401

>  */s/ Jacqueline J. Herring*
>  SMITH | VON SCHLEICHER + ASSOCIATES
>  180 North LaSalle St. Suite 3130
>  Chicago, Illinois 60601
>  P  312.541.0300  |  F  312.541.0933
>  jackie.herring@svs-law.com
>  Illinois Bar No. 6282246