# EXHIBIT 1

STATE OF ILLINOIS
FOR THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY - CHARLESTON, ILLINOIS - PROBATE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF<br>JAMES EDWARD SHOOK,<br>    Deceased.<br><br>SANDRA KAY OSBORNE,<br>    Executor/Petitioner<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE<br>COMPANY,<br>    Third Party Respondent. | )<br>)   No. 2020-P- 61<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MOTION FOR INJUNCTIVE RELIEF

Now comes the Executor herein, by her attorney, L. Kaye DeSelms Dent, of Dent Law Offices, Ltd., and moves this Honorable Court for an order compelling Metropolitan Life Insurance Company to take certain action and in support thereof states as follows:

1. On June 26, 2020, Plaintiff filed the above-captioned matter.

2. Third Party Respondent, Metropolitan Life Insurance Company is a life insurance company which insured the life of Decedent through General Electric Company Group Policy 0092211.

3. Plaintiff seeks to have Third Party take the following action:

Honor the change of beneficiary form dated May 21, 2020, submitted by Plaintiff as Agent under Power of Attorney for Property for James Shook during his lifetime and to pay Claim No. 22007008195 to the Estate of James Edward Shook.

4. Third Party Respondent has refused to take the action without a court order compelling it to do so.

5. An injunction is appropriate where there is no adequate remedy at law, and the plaintiff will suffer injury if the respondent is not ordered to act. 735 ILCS 5/11-101 et seq.

6. An injunction is appropriate and necessary in this case because:
    a) James Shook executed a non-statutory ("Long Form") Durable Power of Attorney dated November 17, 2016 and appointing his step-daughter, Sandra Kay Osborne, as his agent. See Exhibit A.
    b) Pursuant to her authority as agent, and also at Mr. Shook's request as part of his estate plan, Mrs. Osborne, on May 21, 2020, completed a form requesting Third Party Respondent to change the beneficiary on Mr. Shook's life insurance policy no. 0092211 from his wife, Norma Louise Shook, to his Estate.
    c) The requested change was compliant with the Illinois Power of Attorney Act regarding Durable Powers of Attorney, 735 ILCS 45/2-9, in that it was not a change to Mr. Shook's estate plan. Prior to his death Mr. Shook executed a will providing that the majority of his estate was to be placed in a supplemental needs trust for his wife, who resided in a nursing home and received Medicaid assistance for her care. A copy of his Will is of record in this matter.
    d) Paragraph 8 of Mr. Shook's Power of Attorney grants the agent the authority "To continue to carry, purchase, cancel, or dispose of fire, casualty, property, or income protection, medical, hospital, like, liability, or other insurance and to pay any premiums thereon."
    e) Definitions of "dispose of," according to the Merriam-Webster dictionary, include:
        "to settle a matter finally"
        "to deal with conclusively"
        "to transfer to the control of another"
        "to place, distribute, or arrange especially in an orderly way"
    f) The term "cancel" is already used. Insurance transactions are dealt with in a business-like manner, rather than simply being discarded, such as with unwanted tangible personal property. Therefore, since "dispose of" must mean something other than "cancel," in this document, and since the document gives very broad powers to the agent, the plain meaning is clearly to allow the agent to "deal with" the contract, such as to "distribute or arrange" the asset "in an orderly way."

g) Paragraph 19 of Mr. Shook's Power of Attorney grants his agent authority as follows: "Finally without prejudice to and in enlargement of the authority conferred in this instrument to execute each and every instrument, to undertake each and every obligation, and to take from time to time any and all action of whatsoever nature and with relation to any matters whatsoever, whether or not specifically mentioned herein, and to exercise in respect thereto as full and complete power and discretion as I myself might or could do."

h) Paragraph 19 is not simply a "catchall" provision but specifies his desire that his agent take action as he would have. In this instance, the action was taken at his request, as he was advised by his estate planning attorney to make the change.

i) Third Party Respondent has refused to honor the May 21, 2020 beneficiary change, claiming it is not valid under Illinois law. See Exhibit B.

j) Nothing in Article II of the Illinois Power of Attorney Act, which governs non-statutory durable powers of attorney, prohibits such a transaction, and Mr. Shook's Power of Attorney authorized his agent to make the change.

WHEREFORE, Plaintiff requests that this Honorable Court enter an order compelling Third Party Respondent to honor the change of beneficiary dated May 21, 2020 with regard to General Electric Company Group Policy 0092211 and to pay benefits thereon as requested in Claim No. 22007008195 to the Estate of James Shook, and for all other relief deemed just and reasonable by this Court.

SANDRA KAY OSBORNE, Plaintiff

Dated: September 17, 2020

By: /s/ L. Kaye DeSelms Dent
L. Kaye DeSelms Dent
Dent Law Offices, Ltd.

L. KAYE DeSELMS DENT, #6271173
Roy Jackson Dent, III #6255835
DENT LAW OFFICES, LTD.
415 W. Virginia Ave.
POB 1633
Effingham, IL 62401
Telephone: (217)330-5500
Facsimile: (866) 870-6855
Email: notices@dentlawoffices.com

STATE OF ILLINOIS
FOR THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY - CHARLESTON, ILLINOIS - PROBATE DIVISION

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF <br> JAMES EDWARD SHOOK, <br>           Deceased. <br><br> SANDRA KAY OSBORNE, <br>           Executor/Petitioner <br><br> v. <br><br> METROPOLITAN LIFE INSURANCE <br> COMPANY, <br>           Third Party Respondent. | No. 2020-P- 61 |

STATE OF ILLINOIS    )
                     ) ss.
COUNTY OF EFFINGHAM  )

I, Lisa Kaye DeSelms Dent, as attorney for SANDRA KAY OSBORNE, under oath, states as follows:

1. That I am familiar with the facts and damages in the above-referenced matter.

2. That based upon my knowledge, belief and experience, I believe the damages that she has incurred are less than Fifty Thousand Dollars ($50,000.00).

Further affiant sayeth not.

_____
L. Kaye DeSelms Dent

Subscribed and sworn to before me
this 17th day of September 2020.

_____
Notary Public

"OFFICIAL SEAL"
KAREN S WEBSTER
Notary Public, State of Illinois
My Commission Expires 05/09/2023

L. KAYE DeSELMS DENT, #6271173
Roy Jackson Dent, III #6255835
DENT LAW OFFICES, LTD.
415 W. Virginia Ave.
POB 1633
Effingham, IL 62401
Telephone: (217)330-5500
Facsimile:  (866) 870-6855
Email:  notices@dentlawoffices.com

STATE OF ILLINOIS
FOR THE FIFTH JUDICIAL CIRCUIT
COLES COUNTY - CHARLESTON, ILLINOIS

| | |
|---|---|
| IN THE MATTER OF THE ESTATE OF ) <br> JAMES EDWARD SHOOK ) <br> Deceased. ) <br> ) <br> SANDRA KAY OSBORNE, ) <br> Executor/Petitioner ) <br> ) <br> v. ) <br> ) <br> METROPOLITAN LIFE INSURANCE ) <br> COMPANY, ) <br> Third Party Respondent. ) | Case No. 2020-P-61 |

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the Motion for Injunctive Relief was served on the following:

Metropolitan Life Ins Co
c/o CT Corporation System
208 SO LaSalle St, Suite 814
Chicago, IL 60604

by mailing a copy of the same, postage prepaid at Chrisman, Illinois, this 23rd day of September 2020.

By: /s/ Karen S. Webster
Karen S Webster
Dent Law Offices, Ltd.



## LONG FORM POWER OF ATTORNEY

I, JAMES EDWARD SHOOK, of Mattoon, Illinois, appoint SANDRA KAY OSBORNE, ("my attorney"), my true and lawful agent and attorney, for me and in my name with reference to any interest from time to time owned by me in any property, real or personal, wherever located ("property"), or other matters in which I from time to time may have a personal or financial interest:

1. To deposit in or withdraw from any bank, trust company, savings association, savings bank, safe deposit company, broker, and other depositary or agent any money or other property and to examine or receive related records, including canceled checks.

2. To open and enter on my behalf any safe deposit box rented or held by me alone or jointly with others, at any time to deposit in such box and to remove from such box any part or all of the contents thereof, including any security or tangible personal property, as often and as freely as I could do if personally present, to cancel or modify the lease under which such box is rented, to surrender or exchange the same, and to enter such box after my death to locate my will or burial documents.

3. To pay my ordinary household expenses, to arrange for and pay the costs of the services of a companion for me, medical, nursing, hospital, convalescent, and other health care and treatment, including admission to hospitals and consent to treatment, and to make application for insurance, pension, or employee benefits related to such health care and treatment.

4. To retain, invest in, acquire by purchase, subscription, lease, or otherwise, manage, sell, contract to purchase or sell, grant, obtain or exercise options to purchase, options to sell or conversion rights, assign, transfer, replace, convey, deliver, endorse, exchange, pledge, mortgage, abandon, improve, repair, maintain, insure, lease for any term, and otherwise deal with all property, and to release and waive any right of homestead or any rights as a spouse therein.

5. To enter upon and demand possession of, maintain, manage, improve, subdivide, resubdivide, raze, alter, dedicate, vacate, partition, release, lease, renew, amend, or extend leases for any term, contract to make leases, grant options to lease or to purchase the whole or any part of any interest in real estate whether in fee, a reversion, a remainder, a life estate, a term of years, or otherwise, contract regarding the manner of fixing present or future rentals, grant easements or charges of any kind on or with respect to, and cultivate, irrigate, and operate, all

COPY

interests in real estate now or hereafter owned by me, including beneficial interests in any trust and leasehold interests, and related improvements, equipment and supplies, alone or with others, by general or limited partnerships, trust agreements, joint ventures, corporations, associations, sharecrop agreements, leases, management or agency agreements, participation in government programs or otherwise.

6. To borrow from any source for any purpose and mortgage or pledge any property to any lender, including any attorney individually.

7. To demand, sue for, receive, and otherwise take steps to collect or recover all debts, rents, proceeds, interest, dividends, annuities, securities, money, goods, chattels, legacies, income from property, damages, and all other property to which I may be entitled or which are or may become due me from any person, agency, state, government, governmental unit, or entity; to commence, prosecute, or enforce, or to defend, answer, or oppose, contest, and abandon all legal proceedings in which I am or may hereafter be interested; and to settle, compromise, or submit to arbitration any accounts, debts, claims, disputes, and matters now existing or which may hereafter arise between me and any other person, organization, agency, state, government, governmental unit, or entity and to grant an extension of time for the payment or satisfaction thereof on any terms, with or without security.

8. To continue to carry, purchase, cancel, or dispose of fire, casualty, property, or income protection, medical, hospital, life, liability, or other insurance and to pay any premiums thereon.

9. To vote and give proxies to vote securities and approve or oppose mergers, consolidations, foreclosures, liquidations, reorganizations, or changes in the financial structure of any organization, and all other matters which may come before the shareholders; and to enter into voting trusts and other agreements restricting the voting, transfer, or other use or disposition of interests in any organization.

10. To retain, continue, operate, manage, organize, acquire, invest in, terminate, and dispose of, alone or with others, proprietorships, corporations, limited or general partnerships, joint ventures, land trusts, or other business or property-holding organizations under the laws of any jurisdiction; to lease, sell, purchase, or otherwise transfer any property to or from, make further investments in or advance or loan funds to, with or without security, and incur obligations on account of or for the benefit of, any such organization; and to employ any persons for such

purposes and delegate to them such powers and discretions as my attorney considers advisable.

11. To undertake performance of any and all acts, whether or not otherwise specifically enumerated herein, including the sale of any property or the borrowing of any funds, which my attorney considers necessary or appropriate in order to purchase United States treasury bonds redeemable at par in payment of federal estate taxes; provided, however, that nothing herein shall be construed as requiring my attorney to acquire any such bonds.

12. To appear and represent me in regard to and to take all actions convenient or appropriate in connection with taxes imposed by any municipal, state, United States, foreign authority, or government relating to any tax liability or refund, abatement or credit including interest or penalties, due or alleged to be due from or to me or any other person or organization, association, or trust for which I am responsible for the preparation, signing, executing, verifying, acknowledging, or paying of any tax due or filing of a return or report, including without limitation federal or state excise, sales, use, estate, inheritance, intangible, personal property, income, gift, generation-skipping, or any other tax, for any and all taxable years or periods for any year or other period of time, including but not limited to any tax period; and for such purposes to inspect or receive copies of any tax returns filed by or for me, reports, other papers or documents, and make compromises or adjustments of any and all claims.

13. To prepare, draw, make, sign, execute, seal, acknowledge, verify, discount, accept, endorse, with or without recourse on me, waive demand, notice and notice of protest, file and deliver on my behalf any and all checks, options, orders, notes, drafts, overdrafts, certificates of deposit, bills of exchange, deeds, directions to land trustees, mortgages, leases, powers of sale, bonds of indemnity or otherwise, contracts, transfers, assignments, proxies, agreements, receipts, releases, release deeds, composition agreements, discharges, federal or state excise, sales, use, estate, inheritance, intangible, personal property, income, gift, generation-skipping, or any other tax returns, estimates, declarations, certificates, schedules, statements, claims of abatement, refunds, or credits, protests, requests including requests for rulings from proper authorities, applications, waivers including waiver of restrictions on the assessment or collection of any deficiency or additional tax, acceptances including acceptance of any determination or proposed determination of additional tax or overassessment or overpayment of tax, including interest and penalties, consents, waivers, or agreements for a later determination and assessment and collection of taxes than is

provided by applicable statutes of limitations, offers in compromise, closing agreements whether in respect of a tax liability or a specific matter or otherwise, petitions, pleadings, motions, stipulations, consents, and any other papers, documents, writings, or things, with or without guarantees, surety obligations, covenants, warranties, indemnifications, representations, powers of substitution, affirmations, or otherwise for any year or other period of time, including but not limited to any tax period.

14. To appoint and employ, with or without compensation, any accountants, attorneys at law, investment counsel, agents, servants, or other persons, including their agents and associates, and to dismiss or discharge any one or more of them and to appoint or employ any others as my true and lawful attorneys, to appear and represent me as to all matters covered by this power of attorney, or for any other purpose, including, but not limited to, appearances before the Treasury Department of the United States, the Tax Court of the United States, the United States Claims Court or any other court of the United States or the District of Columbia, or any state, municipal, or foreign court, and any department or official of the United States government or any state, municipal, or foreign government, with full power and authority to such agents and attorneys to do any and all acts convenient or appropriate in connection with such matters, including the specific acts described in this instrument, and to substitute attorneys and agents subsequent to the date of such appointment and prior to any revocation thereof, and to delegate or revoke the authority so granted to them for any year or other period of time, including but not limited to any tax period.

15. To pay, as my attorney shall think fit, any debts, or interest, payable by me, or taxes, assessments, and expenses due and payable or to become due and payable for my use and benefit, or for the use and benefit of any person to whom I have a legal obligation of support.

16. To the extent my attorney thinks I might have done, to make, unconditionally or upon such terms and conditions as my attorney shall think fit, such donations or contributions to publicly supported charities, private operating foundations, and private foundations, all as defined in present Internal Revenue Code Sec. 170 or any equivalent statute. My attorney shall have sole discretion in making such donations or contributions, or my attorney may also make subscriptions, for any reason that my attorney determines such donations, contributions, or subscriptions shall be made.

17. To the extent my attorney thinks I might have done, to make, unconditionally or upon such terms and conditions as my attorney shall think fit, such gifts to any one or more of those persons consisting of my spouse, my descendants, and the spouses of my descendants in my attorney's sole discretion and for any reason my attorney determines.

18. To substitute and appoint in my attorney's place and stead on such terms and at such salary or compensation as my attorney shall think fit, one or more attorney or attorneys to exercise for me as my attorney or attorneys any or all of the powers and authorities conferred in this instrument, and to revoke any such appointment from time to time, and to substitute or appoint any other or others in the place of such attorney or attorneys, as my attorney shall, from time to time, think fit.

19. Finally without prejudice to and in enlargement of the authority conferred in this instrument to execute each and every instrument, to undertake each and every obligation, and to take from time to time any and all action of whatsoever nature and with relation to any matters whatsoever, whether or not specifically mentioned herein, and to exercise in respect thereto as full and complete power and discretion as I myself might or could do.

My attorney shall exercise or omit to exercise the powers and authorities granted in this power of attorney in each case as my attorney in my attorney's own absolute discretion deems desirable or appropriate under existing circumstances. I ratify and confirm all that my attorney, and any agents and attorneys appointed by my attorney, and their agents, associates, and substitutes, may do by virtue of this instrument. Nothing in this instrument shall be construed as imposing a duty on my attorney to act or assume responsibility for any matters referred to above or other matters even though my attorney may have power or authority to do so.

If any power or authority conferred upon my attorney shall be invalid or unexercisable for any reason, or not recognized by any person, agency, state, government, governmental unit, other legal entity, or organization dealing with my attorney, the remaining powers and authorities given to my attorney shall continue in full force and effect.

Each person, partnership, corporation, agency, state, government, governmental unit, other legal entity, or organization relying or acting upon this power of attorney shall be entitled to assume that this power of attorney is in full force and effect unless written notice has been given by me to such person or entity that this power has been revoked. In addition, revocation of the

appointment of my attorney shall not be effective until my attorney has received actual notice of revocation by delivery to my attorney of such revocation in a writing from me; until such receipt of such notice, my attorney shall not be liable to me or to any person or entity for any action taken by my attorney.

No person, partnership, corporation, agency, state, government, governmental unit, or other legal entity relying upon this power of attorney shall be required to see to either the application or disposition of any money, stocks, bills, notes, bonds, securities, policies, other proceeds, or other property paid to or delivered to my attorney, or my attorney's substitute, pursuant to the provisions of this power of attorney.

It is my intent that this power of attorney shall remain in full force and effect, and that the power granted herein shall continue without interruption until my death and thereafter as to entry into any safe deposit box of mine regardless of the method of ownership, unless previously revoked by me.

If SANDRA KAY OSBORNE fails or ceases to act, I name GARY KEVIN SHOOK as successor attorney or such persons or corporations as may be nominated in a writing made by SANDRA KAY OSBORNE. Such writing may name any number of contingent persons or corporations to act as attorney or co-attorneys solely or otherwise.

My attorney shall be reimbursed for all reasonable expenses incurred in connection with services hereunder and may charge reasonable compensation for services. Any attorney may resign by written notice to the other co-attorneys or co-attorney, or, if none, to the successor attorney. Every successor attorney shall have all the rights, powers, discretions, and duties given to or imposed upon the original attorney. A successor attorney shall have no duty to inquire into the acts of any predecessor attorney and shall not be liable for any act or omission of any predecessor attorney. Any person may, without liability, rely on the written certification of a successor attorney that such successor has been appointed and has power to act.

My attorney shall be liable only for wilful default, not for errors of judgment, and shall have power to bind me or my property without binding my attorney personally.

My attorney may employ any legal, accounting, brokerage, banking, or investment counseling firm or corporation of which my attorney may be a member or employee and pay both such firm or corporation and my attorney reasonable compensation for services.

If I am adjudged to be a disabled person, I name SANDRA KAY OSBORNE, as temporary, limited, or plenary guardian of my person and estate. I excuse the guardian from giving bond or security.

Reproductions of this executed original shall be deemed to be original counterparts of this power of attorney.

*JAMES EDWARD SHOOK* (signature)
JAMES EDWARD SHOOK

Subscribed and sworn to before me this August 2, 2019.

*OFFICIAL SEAL*
*FRANK J ROYTEK III*
*NOTARY PUBLIC - STATE OF ILLINOIS*
*MY COMMISSION EXPIRES:10/26/20*

Notary Public (signature)

The principal has had an opportunity to read the above form and has signed the form or acknowledged her signature or mark on the form in my presence.

ADRIANA M. CISNEROS (signature)

Subscribed and sworn to before me this August 2, 2019.

Notary Public (signature)

*OFFICIAL SEAL*
*FRANK J ROYTEK III*
*NOTARY PUBLIC - STATE OF ILLINOIS*
*MY COMMISSION EXPIRES:10/26/20*

The principal has had an opportunity to read the above form and has signed the form or acknowledged her signature or mark on the form in my presence.

NICOLE L. COBB (signature)

Page 7 of 8

Subscribed and sworn to before me this August 2, 2019.

_____
Notary Public

*OFFICIAL SEAL*
*FRANK J ROYTEK III*
*NOTARY PUBLIC - STATE OF ILLINOIS*
*MY COMMISSION EXPIRES: 10/26/20*

This document was prepared by:

F. James Roytek, III
Roytek, Ltd.
921 Broadway Ave.
P. O. Box 746
Mattoon, IL  61938-0746

Telephone:  217/234-3132

Page 8 of 8



EXHIBIT B

Metropolitan Life Insurance Company
C/O General Electric Company
1 River Road; Bldg. 5-2W
Schenectady, NY 12345
NOT FOR SERVICE OF LEGAL PROCESS

Group Life Claims Operations
Metropolitan Life Insurance Company

August 12, 2020

Insured: Norma Shook
Group Number: 0092211
Claim No.: 22007008195

Estate of James E Shook
C/O Sandra Osborne
Redacted
Lerna, Illinois

## Dear Sandra Osborne,

### Why we're contacting you

Please accept our condolences on your loss at this difficult time. We have evaluated your Dependent Life Insurance claim. For the reasons detailed below, we must deny your claim.

### What you need to know

- Plan Participant: Norma Shook
- Decedent: James Shook
- Plan Name & Group No.: General Electric Company / 0092211
- Dependent Life Insurance
- Claim No.: 22007008195

The Plan is an employee welfare benefit plan regulated by the Employee Retirement Income Security Act of 1974, as amended ("ERISA")[1]. MetLife, as claims fiduciary, must administer claims in accordance with ERISA and the documents and instruments governing the Plan. ERISA defines beneficiary as a "person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder." [2]

The Plan states on page 919.31IN-1 of the GE Dependent Life Insurance Plan:

"Section L

Benefits

...

1. If any covered dependent dies while you are participating in this Plan, the amount of Dependent Life Insurance in force at the date of death of such dependent shall be paid to you in one sum."

According to our records, your claim is based on a beneficiary designation dated May 21, 2020, which was completed by you as the decedent's Attorney-in-Fact. Under Illinois law, a Power of Attorney may not be used to include the power to designate a beneficiary of life insurance unless that power is specifically listed. The Power of Attorney, which the decedent completed on November 17, 2006, does not specifically give you the power to change or designate a beneficiary.

Consequently, there is no valid beneficiary designation on file and the benefits are payable based on the plan provision as stated above.

Therefore, based on the information we have received, we must deny your claim.

---

[1] 29 U.S.C. §§ 1001-1461
[2] 29 U.S.C. § 1002(8)
gli190.rev.0017

## What you need to do

Under ERISA, you have the right to appeal this decision within sixty (60) days after the receipt of this letter. To do so, you must submit a written request for appeal to MetLife at C/O GE Company; 1 River Road; Bldg. 5-2W; Schenectady, NY 12345. Please include in your appeal letter the reason(s) you believe the claim was improperly denied, and submit any additional comments, documents, records or other information relating to your claim that you deem appropriate to enable MetLife to give your appeal proper consideration. Upon your written request, MetLife will provide you with a copy of the records and/or reports that are relevant to your claim.

MetLife Group Life Claim Appeal Committee will carefully evaluate all the information and advise the claimant of its decision within sixty (60) days after the receipt of the appeal. If there are special circumstances requiring additional time to complete the review, we may take up to an additional sixty (60) days, but only after notifying the claimant of the special circumstances in writing. In the event the appeal is denied in whole or in part, the claimant has the right to bring a civil action under Section 502(a) of ERISA.

Please note that in accordance with the Department of Labor's recent COVID-19 extension requirements, MetLife will not count the time period from March 1, 2020 until 60 days after the end of the National Emergency (or such other date announced by the federal government in the future) in determining the timeliness of your appeal. This extension period does not impact your ability to submit your appeal within the normal timeframes, and MetLife will review all appeals once received pursuant to its normal procedures.

If you would like us to reconsider your claim, in support of your appeal, please provide us with any pertinent information you have that will support your reason for appeal.

Part 919 of the Rules of the Illinois Department of Insurance, requires that our company advise you that if you wish to take this matter up with the Illinois Department of Insurance, it maintains a Consumer Division in Chicago at 122 S. Michigan Ave FL 19, Chicago, IL 60603-6137 and in Springfield at 320 West Washington Street, Springfield, IL 62767.

## We're here to help

If you have any questions, please contact our office at 518-388-7791.

Sincerely,

Linda Teller

Group Life Claims

## LIFE INSURANCE

**Beneficiary**
According to our records, Norma Louise Shook is the named beneficiary for the following benefit(s).

| Benefit Plan(s) | Amount |
|---|---|
| GE Life Insurance: | $18,688.00 |
| TOTAL: | $18,688.00 |

**Payment Options**
- Receive the lump-sum insurance payment as a check.
- Deposit the amount into a Total Control Account (TCA), a checking account that MetLife offers. If interested, review the TCA information located later in this package.
- Pay all or a portion of the benefit to a funeral home directly.

**How to collect your benefit**
- Complete and sign the enclosed **MetLife Beneficiary Life Insurance Claim Form.**
- Return a **copy** of the death certificate showing the cause and manner of death.
- Complete the Funeral Home Assignment form, provided by the funeral home (if applicable).

**Timing**
Once we receive all required documentation, payment can be expected within 20 business days.

## DEPENDENT LIFE INSURANCE

**Beneficiary**

[beneficiary line redacted]

| Benefit Plan(s) | Amount |
|---|---|
| GE Life Insurance: | $20,000.00 |
| TOTAL: | $20,000.00 |

**Payment Options**
- Receive the lump-sum insurance payment as a check.
- Deposit the amount into a Total Control Account (TCA), a checking account that MetLife offers. If interested, review the TCA information located later in this package.
- Pay all or a portion of the benefit to a funeral home directly.

**How to collect your benefit**
- Return a **copy** of the estate papers naming the individual(s) responsible for administering the estate, and provide the Employer Identification Number (EIN), a federal tax identification number (TIN).
- Complete and sign the enclosed **MetLife Beneficiary Life Insurance Claim Form.**
- Return a **copy** of the death certificate showing the cause and manner of death.
- Complete the Funeral Home Assignment form, provided by the funeral home (if applicable).

**Timing**
Once we receive all required documentation, payment can be expected within 20 business days.